FILED

2006 Oct-11  AM 11:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN L. HUFF III, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | CV-06-CO-0439-W |
| | ] | |
| CITY OF TUSCALOOSA, et al., | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

This matter comes before the Court on defendant Civil Service Board of Tuscaloosa's ("Board") Motion to Dismiss plaintiff John L. Huff, III's ("Huff") Second Amended Complaint.  (Doc. 32.)  This motion has been briefed and is ripe for review.  For the reasons stated herein, the Board's Motion to Dismiss Plaintiff's claims asserted against it in the Second Amended Complaint is due to be denied.

II.     Facts.[1]

Huff, an African-American male, has worked for the City of Tuscaloosa Police Department since October 1990, and is currently employed as a police officer.  Huff was denied promotions to the rank of Sergeant in June 2004, October 2004, and March 2005.  He claims that he has been repeatedly denied these promotions on the basis of his race.  He also asserts that he has continued to be passed over for promotions due to the fact that he has complained about his employer's discriminatory practices, as well as filed EEOC charges alleging said practices.

Huff contends that he was as qualified, if not more qualified, than the individuals who received the promotions.  In fact, he scored higher than three of the four officers promoted on the standardized assessment portion of the promotion process.  Huff claims that Defendant Swindle ("Swindle"), Chief of the Tuscaloosa Police Department, and the City of Tuscaloosa "have also retaliated against him by manipulating the promotion process and giving the plaintiff unjustifiably low and/or unfavorable evaluations and recommendations for said promotions to the Civil Service Board."  (Doc. 30,

---

[1]As it must, the Court treats all facts in the light most favorable to Huff.

p. 4.)  He further contends that the Board did not conduct an individualized inquiry or investigation into these promotion decisions, but instead merely "rubber stamped" the recommendations of Swindle and the City of Tuscaloosa.  *Id*. at 5.  In doing so, Huff asserts that the Board ratified Swindle's and the City of Tuscaloosa's discriminatory and retaliatory conduct and/or delegated decision-making authority to Swindle and the City of Tuscaloosa.

Huff further claims that the City of Tuscaloosa and the Board both retain control and authority over his employment such that they share or co-determine those matters governing many of the essential terms and conditions of Huff's employment, including promotional decisions.  Plaintiff also claims that the Board acts as an agent for the City of Tuscaloosa for the purposes of setting many of the terms and conditions of employment for the city's employees.  Because of such conduct, Huff has suffered severe emotional distress, embarrassment, and humiliation.

In his Prayer for Relief, Huff requests that this Court enter an order requiring Defendants award him the position(s) he would have occupied in the absence of race discrimination and retaliation, back pay plus interest,

punitive and compensatory damages and/or nominal damages, declaratory and injunctive relief, as well as benefits.

III.   Standard.

A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party."  *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)).

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."  *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001)).  Furthermore, "[a] complaint may not be dismissed because the Plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory."  *Brooks v. Blue Cross & Blue Shield*

*of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).  "The threshold of sufficiency that a complaint must meet to survive a Motion to Dismiss for failure to state a claim is . . . 'exceedingly low.'" *Ancata v. Prison Health Serv., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (quoting *Quality Foods de Centro America, S.A. v. Latin-American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983)).

IV.   Discussion.

     A.   Huff has sufficiently asserted a cause of action under Title VII to survive the Board's Motion to Dismiss.

"The prima facie case under *McDonnell Douglas* ... is an evidentiary standard not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002).  The requirements for establishing a prima facie case under *McDonnell Douglas* do not apply to the standard a plaintiff must satisfy in order to survive a motion to dismiss; particularly, the Supreme Court has specifically rejected the notion that a Title VII plaintiff must plead with particularity.  *See Swierkiewcz*, 534 U.S. at 511.  "Consequently, the ordinary rules for asserting the sufficiency of a complaint apply." *Id.*

The Court must consider Huff's Second Amended Complaint in light of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz*, 534 U.S. at 512.   Under Rule 8(a)(2), a plaintiff's complaint must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).   The Court's obligation on a motion to dismiss is not to determine whether a plaintiff will ultimately prevail, but to ascertain whether, based on the pleadings, a plaintiff is entitled to offer evidence to support the claims. *See Swierkiewicz*, 534 U.S. at 511.

The instant action presents a situation such that, when accepting all well pleaded facts in a light most favorable to Huff, granting a motion to dismiss the Title VII claims would be improper.   The Board's arguments in support of its motion do not demonstrate that Huff's Title VII claims are clearly due to be dismissed as a matter of law, and the Board's contentions are premised upon factual assertions which are contrary to the facts contained within Huff's Second Amended Complaint.   In keeping with the Eleventh Circuit's holding in *Swierkiewicz*, Huff is entitled to present

evidence in support of his claims.  Accordingly, the Board's Motion to Dismiss Huff's Title VII claims is due to be denied.

> B.   The Board is not entitled to Eleventh Amendment Immunity based on the current record before the court.

The Board contends that it acted as an arm of the state in making the personnel decisions which are the factual basis for Huff's § 1983 claims, and that the Board is, thus, entitled to Eleventh Amendment immunity as to those claims.

The threshold inquiry into whether the Board acted as an arm of the state when making promotional decisions for the City of Tuscaloosa Police Department "must be assessed in light of the particular function in which the defendant was engaged when taking the actions out of which liability is asserted to arise." *Abusaid v. Hillsborough Cty. Bd. of Cty. Comms.*, 405 F.3d 1298, 1303 (11th Cir. 2005).  Such an assessment is factually driven.  *See id*. It is surely the case that if the Board was acting in accordance with the statutes which created it and it made promotional decisions solely on the basis of merit, it is entitled to the protection of Eleventh Amendment Immunity.  If, however, the Board was simply rubber-stamping the decisions

of the Chief of Police, then the Board has stepped outside of the functions which define it as an arm of the state and is not entitled to immunity.  The Board has not provided affidavits or evidence that rebut Plaintiff's assertion that it "merely rubber stamped the recommendations of defendants Swindle and the City of Tuscaloosa."  (Doc. 30, p. 5.)  In viewing the facts in a light most favorable to Huff, the Court cannot find, at this time, that the Board was, as a matter of law, acting as an arm of the state when functioning in the capacity which gave rise to this action.

Even absent Huff's § 1983 claim, the Court notes that the Board must defend against the Title VII claim and will nonetheless shoulder the costs of discovery. Accordingly, the Board's Motion to Dismiss Huff's § 1983 claim is due to be denied.

V.    Conclusion.

Accordingly, the Board's Motion to Dismiss (Doc. 32) is due to be denied.

Done this 11th day of October 2006.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153